**Autra WILKERSON, Jr., Petitioner,**

v.

**Joyce Ann BENSON, Respondent,**

Supreme Court of Tennessee.

Oct. 18, 1976.

Irving S. Zeitlin, Memphis, for petitioner.

James W. Surprise, Memphis, for respondent.

## OPINION AND ORDER DENYING CERTIORARI

HENRY, Justice.

This matter is before the Court by common law writ of certiorari.

This is a paternity action transferred from the Juvenile Court at Memphis to the Circuit Court for a jury trial on the issue of paternity.

Subsequent to the transfer, the respondent propounded to the petitioner, a total of ten interrogatories pursuant to Rule 33. Tennessee Rules of Civil Procedure. The Trial Judge entered an order directing that responses to seven of these be made for purposes of discovery, but holding that the responses so made would not be admissible in evidence unless the defendant waived his privilege under § 36–227, T.C.A.

Petitioner then filed his petition for the writ of certiorari in the Court of Appeals for the Western Section, seeking to reverse the action of the Trial Court in requiring responses to these interrogatories. That court declined to entertain the petition holding that "the constitutional questions presented are substantial and not merely incidental to the cause of action; that the petition for certiorari should have been presented to the Supreme Court instead of to the Court of Appeals."

Petitioner has now filed a petition in this Court for the writ of certiorari.

While the petition so filed is somewhat meager, it does aver that "the Circuit Court order violates his rights under T.C.A. 36–227(1) and under the Fifth Amendment of the United States Constitution, against self-incrimination".

■ There is no substance to petitioner's complaint based on an alleged violation of the Fifth Amendment. The permitted interrogatories relate to acts of sexual intercourse, paternity of a child, and seek other pertinent information to include a list of the persons "whom you intend to call as witnesses in this action".[1] As a maximum, responses to these questions would tend to establish that petitioner had been guilty of fornicating and had sired a bastard child. Fornication, committed in private, by consenting adults, is not a criminal offense under Tennessee law. To make it a crime, it must have been attended with such circumstances as to give it publicity and notoriety. Or phrasing it another way, it must amount to open and notorious lewdness. *Insurance Company v. Bennett,* 90 Tenn. 256, 16 S.W. 723 (1891). As pointed out in 2

---

1. As propounded, this question is not permissible. No rule of practice or procedure requires a party to inform his adversary as to the identity of the witnesses he proposes to call.

Am.Jur.2d, Adultery and Fornication, § 8, fornication "was not per se a punishable offense" at the common law, but only became such "where the circumstances rendered the parties guilty of some other offense—as, for instance, a public nuisance . . . ."

 It is not made a criminal offense in Tennessee for one to father an illegitimate child. Our bastardy statutes (§ 36–222 et seq., T.C.A.) are civil in nature and are intended to provide for the support, maintenance, education and funeral expenses of the child, and for the expenses of the mother's confinement and recovery, along with those incurred in connection with her pregnancy.

It is true that the court may, in its discretion, cause a summons to be issued as in civil cases, or may direct the issuance of a warrant for the apprehension of the father; and may require that he make bond, and in default may commit him to jail, but this is all in connection with a civil proceeding designed to meet the purposes aforesaid and to prevent the child from becoming a public charge. At the conclusion of the hearing, the court makes an order of paternity with appropriate provisions for the support and education of the child. These statutes clearly are civil in nature.

It necessarily follows that since the defendant in a paternity suit is not subject to a prosecution based either upon paternity or fornication, he has no right to remain silent under the Fifth Amendment, and may not assert any privilege against testifying on that basis.

It is true that § 36–227, T.C.A., provides that "the alleged father shall not be compelled to give evidence". The constitutionality of this exemption is assailed. We do not consider it either necessary or proper, at this stage of the proceeding, to pass upon this question, nor do we express any opinion as to the correctness of the action of the trial judge in holding that the responses to the interrogatories are not admissible in proof.

We have examined and responded to the only pressing constitutional issue raised by the pleadings. All other matters must await a final hearing and abide the orderly processes of appellate review.

The writ accordingly is

Denied.

All concur.